IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL　　　　　:
AUTOMATIC SPRINKLER WELFARE　　　:
FUND, et al.
　　　　　　　　　　　　　　　　　　:

　v.　　　　　　　　　　　　　　　 : Civil Action No. DKC 12-3700

　　　　　　　　　　　　　　　　　　:
HORIZON FIRE PROTECTION, INC.,
et al.　　　　　　　　　　　　　　 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), is a motion for default judgment filed by Plaintiffs, the trustees of the National Automatic Sprinkler Industry Welfare Fund, the National Automatic Sprinkler Local 669 UA Education, the National Automatic Sprinkler Industry Pension Fund, the Sprinkler Industry Supplemental Pension Fund, and Sprinkler Fitters Local 669 Work Assessments (collectively, "the Funds"). (ECF No. 9). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be granted in part.

**I.　Background**

The following facts are alleged in the complaint. (ECF No. 1). The Funds are employee benefit plans, as that term is

defined in § 3(3) of ERISA, 29 U.S.C. § 1002(3). They were established and are maintained according to the provisions of restated agreements, declarations of trust, and a collective bargaining agreement between Sprinkler Fitters Local Union No. 669 and Defendant Horizon Fire Protection, Inc. ("Horizon"). Horizon is an employer in an industry affecting commerce, as defined in sections 3(5), (9), (11), (12), and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14).

The collective bargaining agreement requires Horizon to make contributions to the Funds for each hour of work by covered employees performing installation of automatic sprinkler systems. "During the years 2007 through 2010, [Horizon] experienced substantial difficulty in making the required benefit contributions to [the Funds] . . . [and,] [i]n response to these difficulties, [the parties] entered into a Settlement Agreement and Promissory Note . . . allowing for a systematic payment over time of all amounts owed to [the Funds]." (ECF No. 1 ¶ 10). The amount of liquidated damages owed, $39,706.10, was "waived contingent upon [Horizon] making each and every one of the scheduled payments as they became due . . . [and] remaining current in its monthly contributions for the duration of the settlement." (*Id.*). Defendants Jeff Richmond, Fernando Troncoso, and Maritza Troncoso signed the settlement agreement and "committed themselves to act as guarantors for all amounts

2

owed by [Horizon] to [the Funds,] inclusive of future monthly contributions owed to the Funds which became due during the life of the settlement documents." (*Id*. at ¶ 11).[1]

Plaintiffs commenced this action on December 18, 2012, alleging that Horizon "defaulted on the terms of the settlement [] by failing to make . . . payments due on November 1, 2012[,] and December 1, 2012." (*Id*. at 12). According to the complaint, "the amount of $51,556.74 for contributions and reinstated liquidated damages currently owed under the settlement [] is immediately due and payable to [the Funds]." (*Id*.). The complaint requests a judgment in that amount, plus "all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g) and the Restated Agreements and Declarations of Trust establishing [the Funds]." (*Id*. at 5).

Defendants were served on January 10, 2013 (ECF Nos. 4-7), and failed to respond within the requisite time period. On March 22, Plaintiffs separately filed a motion for entry of default (ECF No. 8) and the pending motion for default judgment, seeking a judgment in the amount specified in the complaint, plus attorneys' fees and costs (ECF No. 9). Defendants did not

---

[1] Mr. Richmond is Horizon's treasurer and secretary and Mr. Troncoso is its president. (ECF No. 1 ¶¶ 3, 4). The complaint does not identify Ms. Troncoso's relationship to Horizon.

3

respond, and the clerk entered default on June 14. (ECF No. 11).

**II. Standard of Review**

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered by the clerk, the court may enter a default judgment upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir. 1980)).

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not." *Lawbaugh*, 359 F.Supp.2d at 422.

4

Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

**III. Analysis**

Assuming the truth of the well-pleaded allegations contained in the complaint, as the court must upon the entry of default, Plaintiffs have established Defendants' liability for breach of the settlement agreement. With respect to damages, they now seek an award in the amount of $51,556.74 – the amount specified in the complaint – plus $820.00 in costs and $900.00 in attorneys' fees.

In support of the damages award stemming from the breach, Plaintiffs submit the declaration of John P. Eger, the assistant administrator of the Funds. (ECF No. 9-4). Mr. Eger attests to the facts set forth in the complaint, demonstrating Horizon's breach of the settlement agreement and the individual

5

defendants' breach of guaranties, resulting in damages totaling $51,556.54.[2] Plaintiffs are entitled to a default judgment in that amount.

Plaintiffs are also entitled to recover reasonable costs incurred in this action pursuant to Fed.R.Civ.P. 55(b). The declaration of attorney Charles W. Gilligan establishes that "[l]egal costs in the amount of $350.00 were incurred for the filing fee and in the amount of $470.00 for the private process server fees for service of the Summonses and Complaint." (ECF No. 9-5 ¶ 5). Mr. Gilligan attaches invoices showing private service of process fees for the out-of-state defendants in the amount of $470.00. (ECF No. 9-7).

Plaintiffs may not recover attorneys' fees, however, because the complaint seeks fees associated only with recovery of "all contributions and liquidated damages which become due subsequent to the filing of this action" (ECF No. 1, at 5), while the amount of damages sought in the motion for default judgment, and attested to in Mr. Eger's declaration, are those associated with Defendants' breach of the settlement agreement. As noted, the amounts that may be recovered by a default judgment are generally limited to what is sought in the complaint. *See* Fed.R.Civ.P. 54(c). Because Plaintiffs have not

---

[2] There is a twenty cent discrepancy between the amount sought in the complaint and the amount supported by Mr. Eger's declaration.

shown any damages stemming from unpaid contributions and liquidated damages since the time the complaint was filed, and the complaint does not allege that they are entitled to recover fees associated with Defendants' breach of the settlement agreement, they may not recover attorneys' fees in a default judgment.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge